IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON THOMAS BROCK, | |
| Petitioner, | |
| v. | Case No.  CV-21-00036-G |
| SCOTT CROW; DOC DIRECTOR, | |
| Respondent. | |

**PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC. 33]**

> *Why are we proud? We are proud, first of all, because from the beginning of this Nation, a man can walk upright, no matter who he is, or who she is. He can walk upright and meet his friend - or his enemy; and he does not feel that because that enemy may be in a position of great power that he can be suddenly thrown in jail to rot there without charges and with no recourse to justice. We have the habeas corpus act, and we respect it.*

-Dwight Eisenhower[1]

---

[1] *Jay v. Boyd*, 351 U.S. 345, 374, 76 S. Ct. 919, 100 L. Ed. 1242 (1956) (Douglas, J. dissenting) (quoting President Eisenhower's statement made at the B'Nai B'Rith Dinner in Washington, D.C., November 23, 1953).

1

I.  **Introduction**

Petitioner **AARON THOMAS BROCK**, by and through pro bono counsel,[2] and pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), does hereby respectfully object to the August 24, 2021, Magistrate Judge's "Report and Recommendation" of dismissal of his petition for habeas corpus. [Doc. 33]. This objection adopts and incorporates the Petitioner's filing and its attachments. *See generally* Doc. 1.

II.  **Standard of Review**

The filing of objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[2] The undersigned pro bono counsel previously sought leave to proceed *in forma pauperis* while this matter was in the U.S. District Court for the Eastern District of Oklahoma. [Doc. 4]. The request was denied because the Petitioner had $54.89 in his prison account. [Doc. 7]. The pro bono counsel, the undersigned, paid the $5.00 filing fee in the Eastern District prior to the case being transferred to the Western District of Oklahoma.

### III. Argument

This is a habeas corpus action brought by Petitioner **AARON THOMAS BROCK**, a state prisoner, under 28 U.S.C. § 2254. The analysis in the report and recommendation first errs when it did not make any finding of whether the Oklahoma County District Attorney's Office violated the Interstate Agreement on Detainer's Act (IADA).

Next, in regard to the Petitioner's raising the issue of the prejudice and the due process violations of Assistant District Attorney and the judge overseeing the Petitioner's case were engaged in a sexual affair during the case of the case, the Court failed to address that the Petitioner showed cause that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This information only came to light in this past year and after the expiration of the Petitioner's one year deadline under Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and while the Petitioner remains sitting in the Oklahoma Department of Corrections. Assistant D.A. Kelly Collins remains employed and receiving a taxpayer paycheck, and former Judge Tim Henderson remains

a member of the Oklahoma Bar Association. This is clearly a fundamental miscarriage of justice.[3]

The Court failed to consider any of the multiple documents reflecting receipt and testimony from the District Attorney's Office acknowledging signing for documents versus an Assistant District Attorney, who was engaged in a sexual relationship with the overseeing Oklahoma County Judge, who put on no evidence, failed to provide her office file, and merely defended it by saying she never received the Petitioner's multiple requests. More significantly, the Magistrate Judge's report does not reflect the prejudice suffered by the Petitioner.

## IV.   Procedural History

Petitioner **BROCK**, while serving a federal sentence and with assistance of a Bureau of Prisons Official, repeatedly invoked his rights under the Interstate Agreement on Detainers Act (IADA). This has been undisputed, and further bolstered by the Petitioner's Supplement [Doc. 9] with an affidavit of the U.S. Bureau of Prisons Records Custodian stating that the records of Petitioner **BROCK** invoking his rights under the IADA were true and accurate. *Id*.

---

[3] The Court also has the discretion to stay any proceedings to allow the petitioner to return to state court on the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 274-78 (2005).

In response, and without making their file available to the court or the Petitioner, the Oklahoma County District Attorney's Office, by and through Assistant D.A. Kelly Collins, who was at the time of this case engaged in an intimate sexual affair with the married judge overseeing the petitioner's case, only claimed (without presenting any evidence or their file) they did not receive them.[4] The District Attorney's file was withheld by Assistant D.A. Collins from Petitioner **BROCK**'s state public defender. These records were also not included in the state court record filed with this Court but are within the custody of the State of Oklahoma by and through the Oklahoma County District Attorney.

## V. <u>A Hole in the Analysis of the Report and Recommendation</u>

A significant flaw in the "Report and Recommendation" [Doc. 33], is that the IADA is an interstate compact and not merely a statute, but a contractual "compact." A "compact" establishes a contractual relationship between the signatory states. *See Hinderlider v. La Plata River & Cherry Creek Ditch Co.*, 304 U.S. 92, 106 (1938) (a compact is "binding upon the citizens of each State"

---

[4] While there was no discussion below about why the Oklahoma County District Attorney's Office ignored Judge Henderson's prior order to produce the Petitioner by the date of the expiration of the IADA, that has become self-explanatory with the discovery of the intimate sexual relationship of Judge Tim Henderson (who was the Petitioner's state court judge overseeing his case) and the Assistant District Attorney who was prosecuting the Petitioner.

5

to the agreement). Notably, the IADA explicitly states that it is a contract. *See* 18 U.S.C. app. § 2, preamble ("The contracting States solemnly agree . . ..").

This is a critical point as that a compact is not subject to unilateral alternation. *See Texas v. New Mexico*, 462 U.S. 554, 564 (1983) ("no court may order relief inconsistent with [a compact's] express terms"). Here, those terms are clear. The Court <u>shall dismiss</u> upon a violation of the IADA. Here, the State of Oklahoma clearly violated the IADA, and prejudice has been established by the Petitioner.

## **CONCLUSION**

The writ of habeas corpus, as described by the U.S. Supreme Court, is recognized as "a bulwark against convictions that violate fundamental fairness." *Engle v. Isaac*, 456 U.S. 107, 126 (1982). For the reasons stated, this Court should reject the magistrate judge's recommended disposition. Habeas review is available to check violations of federal laws when the error qualifies as "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). The IADA's purpose—providing a nationally uniform means of transferring prisoners between jurisdictions—can be effectuated only by nationally uniform interpretation and one that will mandate a response from the Oklahoma

County District Attorney's Office that shows a respect for the law and the rights of citizen who has paid his dues to the judicial system.  At this point, the Petitioner has overpaid, and the Oklahoma County District Attorney's Office and the State of Oklahoma should be held responsible for its neglect of its obligations.

Dated:      November 2, 2021          Respectfully submitted,

*/S/ Robert D. Gifford*
ROBERT D. GIFFORD, OBA #17034
**Gifford Law, P.L.L.C.**
P.O. Box 2682
Oklahoma City, OK  73101-2682
T:  405.778.4647 | F:  877.295.0287
E:  Robert.Gifford@GiffordLawyer.com

**PRO BONO ATTORNEY FOR THE PETITIONER**

## Certificate of Service

      This is to certify that on November 2, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to counsel of record.

                              */s/ Robert D. Gifford*
                              ROBERT D. GIFFORD, II