## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **AARON THOMAS BROCK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-36-G** |
| | ) | |
| | ) | |
| **SCOTT CROW, DOC Director,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Petitioner Aaron Thomas Brock, a state prisoner appearing through counsel, has filed a Petition for Writ of Habeas Corpus (Doc. No. 2) challenging his state-court criminal conviction under 28 U.S.C § 2254.  In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review.

On March 29, 2021, Respondent, Oklahoma Department of Corrections Director Scott Crow, filed a Motion to Dismiss and supporting Brief (Doc. Nos. 22, 23), seeking to dismiss the Petition for failure to exhaust state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A).  Petitioner responded in opposition.  *See* Doc. No. 29.  Petitioner also filed a Motion to Expand Record (Doc. No. 21), to which Respondent objected (Doc. No. 25), and two supplements to his Petition (Doc. Nos. 9, 20).  *See* Order of Aug. 24, 2021 (Doc. No. 32) at 2-3; *see also* Pet'r's Notice (Doc. No. 31).

On August 24, 2021, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 33), in which he recommended that the Court: (1) deny Respondent's Motion to Dismiss; (2) deny relief as to certain of Petitioner's habeas claims due to application of an

anticipatory procedural bar; (3) deny relief on Petitioner's remaining claim on its merits; and (4) deny Petitioner's Motion to Expand Record.  On November 2, 2021, Petitioner filed a timely Objection to the R. & R. (Doc. No. 37).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.   *Background*

As alleged in the Petition and recounted in the R. & R., in August 2011 Petitioner pleaded guilty in this Court to one count of bank robbery in violation of 18 U.S.C. § 2113. Petitioner was sentenced to a term of imprisonment of 36 months, followed by two years of supervised release.  *See United States v. Brock*, No. CR-11-32-HE (W.D. Okla.) (J., Doc. No. 27).  On May 16, 2014, the Court revoked Petitioner's term of supervised release and ordered him to Federal Bureau of Prisons ("BOP") custody for six months, with an additional term of two years supervised release.  *See id.* (Doc. No. 41).  On January 16, 2015, the Court again revoked the term of supervised release and sentenced Petitioner to BOP custody for 9 months, followed by 12 months of supervised release.  *See id.* (Doc. No. 64).

On December 11, 2015, Petitioner was charged in the District Court of Oklahoma County with Robbery with a Dangerous Weapon and Conspiracy to Commit a Felony.  *See* Pet. at 14; *State v. Brock*, No. CF-2015-8935 (Okla. Cnty. Dist. Ct.).  On March 18, 2016, Petitioner's term of supervised release in his federal criminal case was revoked, and

Petitioner was sentenced to 24 months in BOP custody.  *See United States v. Brock*, No. CR-11-32-HE (W.D. Okla.) (Doc. No. 81).

Petitioner was released from BOP custody on December 1, 2017, and arrived in the Oklahoma County Jail the next day.  Pet. at 20.  A jury trial was conducted in the state court in April 2018; Petitioner was found guilty on both criminal charges.  *Id.* at 25.  On June 1, 2018, the trial court sentenced Petitioner to 30 years' imprisonment on the robbery count and 5 years' imprisonment on the conspiracy count, to run consecutively.  *Id.*

Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA").  *Id.*; *see Brock v. State*, No. F-2018-562 (Okla. Crim. App.).  On December 12, 2019, the OCCA affirmed the judgment and sentence of the trial court.  Pet. at 26-27; *see* Pet. Ex. 1, OCCA Summ. Op. (Doc. No. 2-1).  Petitioner filed the instant 28 U.S.C. § 2254 Petition in this Court on February 26, 2021.

II.      *Petitioner's Claims and the Report and Recommendation*

Petitioner raises two grounds for federal habeas relief on his state-court conviction. In Ground One, Petitioner alleges that the State violated Article III(a) of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. app. 2, §§ 1-9,[1] by failing to bring Petitioner to trial within 180 days of his request for final disposition on the Oklahoma County charges.  *See* Pet. at 8, 16-35; 18 U.S.C. app. 2, § 2, art. III(a).  Petitioner further

---

[1] The IADA is a compact among the states, the District of Columbia, and the United States. "It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges."  *Reed v. Farley*, 512 U.S. 339, 341 (1994); *see* 18 U.S.C. app. 2, § 2.  Oklahoma is a participating state.  *See* Okla. Stat. tit. 22, § 1347.

asserts that the State's failure to comply with the IADA violated his Fourteenth Amendment right to due process and his Sixth Amendment right to a speedy trial.  *See* Pet. at 16-35.

In Ground Two, Petitioner alleges that the state court's failure to credit his prison sentence with certain time previously served in federal and state custody violated the Fourteenth Amendment's Equal Protection Clause.[2]  *See* Pet. at 8, 25, 35-38.

In the R. & R., Judge Erwin thoroughly outlined the relevant procedural history and the standards applicable to this habeas corpus matter.  *See* R. & R. at 1-8.  Judge Erwin explained that "'[a] state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition.'"  *Id.* at 7 (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)); *see also* 28 U.S.C. § 2254(b)(1)(A).  Judge Erwin concluded that Petitioner had failed to exhaust Ground One to the extent it alleges violation of the Sixth Amendment and of due process and that Petitioner also had failed to exhaust Ground Two.  *See* R. & R. at 8-13, 15.

The R. & R. recommended that, rather than dismiss the entire Petition on this basis as requested by Respondent, the Court should deem the unexhausted claims procedurally defaulted for purposes of federal habeas due to application of an "anticipatory procedural bar."  *Id.* at 8-9, 13-14, 15-17 (citing *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021), *petition for cert. filed*, No. 21-970 (U.S. Jan. 6, 2022); *Anderson v. Sirmons*, 476 F.3d 1131,

---

[2] Although the Petition also refers to due process, the arguments and authorities cited in Ground Two address the Equal Protection Clause.  Further, Petitioner did not object to the R. & R.'s characterization of Ground Two as an equal protection challenge.  *See* R. & R. at 14-15.

1139 n.7 (10th Cir. 2007)).  As to the exhausted portion of Ground One—i.e., Petitioner's claim that the State violated the IADA—the R. & R. recommended that the Court deny relief due to Petitioner's failure to allege that any such violation "present[ed] the 'special circumstances' required to state a cognizable habeas claim." *Knox v. Wyo. Dep't of Corr. State Penitentiary Warden*, 34 F.3d 964, 967 (10th Cir. 1994); *see* R. & R. at 17-20.  More specifically, Petitioner failed to "allege[] 'any prejudicial error that qualifies as a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure.'" *Stallings v. Franco*, 576 F. App'x 820, 822-23 (10th Cir. 2014) (quoting *Knox*, 34 F.3d at 968); *see* R. & R. at 19-20; *see also Reed*, 512 U.S. at 348.  Relatedly, the R. & R. recommended that Petitioner's Motion to Expand Record be denied, as the Motion sought to obtain information regarding the alleged violation of the IADA, and denial of relief was proper whether or not a violation of the compact had occurred.  *See* R. & R. at 19, 20.

## III.    Petitioner's Objections

Petitioner raises several objections to Judge Erwin's findings and conclusions.  *See* Pet'r's Obj. at 3-6.

First, Petitioner contends that the R. & R. "err[ed] when it did not make any finding of whether the Oklahoma County District Attorney's Office violated the [IADA]."  *Id.* at 3.; *see also id.* at 4, 5 (citing allegedly improper conduct by the district attorney).  As outlined above, however, the R. & R. expressly declined to make a finding as to whether such a violation occurred because, "[e]ven presuming that an IADA violation occurred," Petitioner failed to allege the requisite prejudicial error or unfair omission that would entitle

him to federal habeas relief as to this aspect of Ground One.  R. & R. at 19.  This approach is entirely consistent with that used by the Tenth Circuit, and the undersigned sees no error here.  *See, e.g.*, *Stallings*, 576 F. App'x at 822 (denying a certificate of appealability from the district court's denial of a § 2254 petition because "even if there was a violation" of the IADA, the petitioner had not alleged a claim for relief under *Knox*); *Fulgham v. Crow*, 838 F. App'x 355, 359 (10th Cir. 2020) ("Even if we assumed that an IADA violation occurred, Mr. Fulgham . . . has no claim that would support habeas relief." (alteration and internal quotation marks omitted)).

Petitioner relatedly argues that there is "a [h]ole" in the analysis of the R. & R. because it fails to recognize the contractual nature of the IADA and the State's obligation to dismiss charges if trial does not occur within the time prescribed.  Pet'r's Obj. at 5-6.  To the contrary, Judge Erwin accurately summarized the relevant provisions of the IADA and—more to the point—aptly explained when a prisoner may be entitled to federal habeas relief based upon a violation of those provisions.  *See* R. & R. at 3-4, 9-11, 17-20.  Petitioner does not demonstrate any deficiency in this regard.

Next, Petitioner mentions that when faced with a "mixed" petition of exhausted and unexhausted habeas claims, the Court has discretion to stay the federal proceedings and allow the petitioner to return to state court to exhaust the unexhausted claims.  Pet'r's Obj. at 4 n.3 (citing *Rhines v. Weber*, 544  U.S. 269 (2005)).  As noted in the R. & R., however, Petitioner expressly declined to seek such a stay before the Magistrate Judge.  *See* R. & R. at 15 n.9; Pet'r's Resp. to Mot. to Dismiss (Doc. No. 29) at 3.  The Magistrate Judge therefore did not err in not recommending a stay.  And Petitioner's Objection does not

directly request such a stay or attempt to show that one would be warranted. *See* Pet'r's Obj. at 4 n.3; *see also* Fed. R. Civ. P. 7(b)(1), 81(a)(4).

Finally, Petitioner challenges Judge Erwin's consideration of Ground Two, in which Petitioner claims a violation of equal protection based on a failure to receive credit for time served on his prison sentence. *See* Pet'r's Obj. at 3-4. The R. & R. found that Ground Two was unexhausted, because Petitioner did not raise it on direct appeal or in postconviction proceedings. *See* R. & R. at 15. The R. & R. further found that Ground Two was subject to an anticipatory procedural bar, because if now raised in a postconviction application the OCCA would find the claim to have been waived pursuant to an independent and adequate state-law ground. *See id.* at 8, 13-14, 15.

The R. & R. ultimately concluded that habeas review of the equal protection claim was precluded because Petitioner failed to show "that a fundamental miscarriage of justice will occur absent consideration of Ground Two." *Id.* at 15; *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

Petitioner disputes this conclusion and argues that he has shown the requisite fundamental miscarriage of justice to allow the claim to be considered. In support, Petitioner cites to recently discovered evidence reflecting that the state-court trial judge and the prosecutor were engaged in a sexual affair during Petitioner's criminal proceedings

and argues that such goings-on are "clearly a fundamental miscarriage of justice." Pet'r's Obj. at 3-4; *see also* Pet'r's Resp. to Mot. to Dismiss at 1-3.

Petitioner's argument is meritless. As relevant here, a federal court may consider a habeas claim subject to an anticipatory procedural bar "if denying review would result in a fundamental miscarriage of justice because the petitioner has made a 'credible' showing of actual innocence." *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014).

> To make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. This new evidence must be sufficient to show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. This standard is "demanding and permits review only in the extraordinary case." [*House v. Bell*, 547 U.S. 518, 538 (2006)] (quotations omitted).

*Frost*, 749 F.3d at 1231-32 (citations and internal quotation marks omitted).

While troubling, Petitioner's allegations of misconduct are not "exculpatory" "reliable evidence" and do not credibly show Petitioner's "actual innocence" with respect to the state-court criminal proceedings. *Id.* at 1232; *cf. Bousley v. United States*, 523 U.S. 614, 623 (1998) (noting that "actual innocence" in this context "means factual innocence, not mere legal insufficiency"). Petitioner cites no authority to support the proposition that the Court may construe the "fundamental miscarriage of justice" requirement in such a manner. The Court overrules this objection.

CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 33) is ADOPTED, and the Petition for Writ of Habeas Corpus (Doc. No. 2) is DENIED.

Respondent's Motion to Dismiss (Doc. No. 22) and Petitioner's Motion to Expand Record (Doc. No. 21) are likewise DENIED. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 29th day of March, 2022.

CHARLES B. GOODWIN
United States District Judge